UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERICA SCHEALL, on behalf of
herself and others similarly
situated,

    Plaintiff,

v.                                        Case No: 2:14-cv-653-FtM-29DNF

NICAEA ACADEMY, INC., a
Florida profit corporation
and BARTON MCINTYRE,
individually,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. #15) filed on January 19, 2015. Defendants filed a Response (Doc. #31) on February 24, 2015 to which Plaintiff filed a Reply (Doc #38) on March 23, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Erica Scheall (Scheall) has filed an Amended Complaint (Doc. #35) against Defendants NICAEA Academy, Inc. (NICAEA) and Barton McIntyre (McIntyre), on her own behalf and on behalf of others similarly situated, for overtime and wage compensation relief under the Fair Labor Standard Act (FLSA).

Scheall also filed a Declaration. (Doc. #15-1.) Additionally, attached as an exhibit to the current motion is a Declaration of Stephanie Laker (Doc. #15-2) which alleges that Stephanie Laker (Laker) a former employee of the defendants and is an opt-in plaintiff in this lawsuit. Then, on May 21, 2015, Maria Bustin (Bustin) filed a Consent to Join the case. (Doc. #42.) To date, no others have joined Scheall, Laker, and Bustin as plaintiffs. The underlying facts, as set forth in the Amended Complaint, are as follows:

From November 2011 to September 19, 2014, defendants hired Scheall to work as a non-exempt child care worker and office assistant. (Doc. #35, ¶ 22.) During that time, Scheall alleges that she, and others similarly situated, regularly worked in excess of 40 hours per week but were not paid for all hours worked and did not receive overtime compensation. (Id. ¶¶ 24-25.) Scheall also individually alleges defendants retaliated against her for filing this action. (Id. ¶ 26.) Scheall now seeks conditional certification as a collective action and requests that the Court facilitate notice to potential collective action plaintiffs. She also seeks limited expedited discovery be ordered.

## II.

An action to recover unpaid overtime compensation under the FLSA may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by

any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).

To demonstrate that plaintiffs are "similarly situated", an opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (quotations and citations omitted). The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the

>   district court "conditionally certifies" the class,
>   putative class members are given notice and the
>   opportunity to "opt-in." The action proceeds as a
>   representative action throughout discovery.
>
>   The second determination is typically precipitated
>   by a motion for "decertification" by the defendant
>   usually filed after discovery is largely complete
>   and the matter is ready for trial . . . .

Hipp, 252 F.3d at 1218.

Before providing notice, a plaintiff must offer a "reasonable basis" for his assertion that there are other similarly situated employees who desire to opt-in. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). At this stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261. "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees," but "plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class." Hart v. JPMorgan Chase Bank, N.A., No. 12-CV-00470, 2012

WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (internal citations and quotations omitted).

### III.

In support of the assertion that there are additional similarly situated individuals who wish to opt-in, plaintiff offers the following evidence: (1) the fact that Laker has already joined the lawsuit; (2) the fact that Bustin has also joined the lawsuit; (3) Scheall and Laker's testimony that all of defendants' employees were subject to the same employment policies; (4) Scheall and Laker's testimony that they know of other hourly employees who did not receive proper overtime and minimum wage compensation; and (5) Scheall and Laker's testimony that they know that "if other hourly employees of the defendants get notice of this lawsuit, they will want to join as well." (Docs. #15-1; #15-2.)

Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court is satisfied that plaintiff has provided a reasonable basis for her assertion that there are additional similarly situated individuals who wish to opt-in. Accordingly, conditional certification is warranted and the Court will now address the definition of the putative class and the substance of the notice to be sent to putative class members.

**IV.**

**A. Definition of the Putative Class**

Plaintiff seeks to define the putative class as "any and all current and former employees who worked as non-exempt hourly employees for Defendants' during the past three (3) years." (Doc. #15, p. 1.) The Court rejects this excessively broad definition of the putative class because it does not sufficiently identify the employment policies and practices at issue. However, Scheall and Laker do provide the necessary detail in their Declarations.

In her declaration, Scheall states that her regular work schedule was 7:00 a.m. to 6:00 p.m. and some nights and weekends but that she was not paid overtime when working more than forty hours per week. (Doc. #15-1, ¶¶ 7-8.) Likewise, Laker states in her declaration that her regular work schedule was 7:30 a.m. to 4:30 p.m. and some nights and weekends and that she did not receive overtime when working more than forty hours per week. (Doc. #15-2.)

Plaintiff claims that defendants' FLSA violations were willful. (Doc. #35, ¶ 33.) Willful FLSA violations are subject to a three-year statute of limitations. Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831 (11th Cir. 2013). This means that a putative class member may pursue a claim for an FLSA violation that occurred within the three years prior to the filing of his or her consent to join. Abdul-Rasheed v. KableLink

Commc'ns, LLC, No. 13-CV-879, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013). Accordingly, the Court grants conditional certification for the class of individuals who (1) worked for defendants as non-exempt hourly employees during the past three years;[1] (2) whose regular work schedule exceeded forty (40) hours a week; and (3) did not receive additional pay for all overtime hours worked in excess of forty (40) hours within a workweek.

**A.   Content of the Notice**

Plaintiff filed a proposed notice document as an exhibit to her motion. (Doc. #15-4.) In accordance with the above, plaintiff shall file a revised proposed Notice by July 10, 2015. Defendants shall file any objections to Plaintiff's revised proposed Notice on or before July 24, 2015.

**B.   Posting the Notice in Defendants' Locations**

Plaintiff's request that defendants post a copy of the Notice in their locations. Such requests are routinely granted and the Court sees no reason to divert from that standard practice in this case. See, e.g., Fiore v. Goodyear Tire & Rubber Co., No. 09-CV-843, 2011 WL 867043, at *4 (M.D. Fla. Mar. 10, 2011). Accordingly, assuming the Court approves a revised Notice, defendant shall post

---

[1] As a putative class member cannot consent to join the lawsuit until he or she is given notice of it, the Court will permit plaintiff to provide the Notice to any putative class member who worked for defendants during the three years prior to the date the Notice is mailed. Abdul-Rasheed, 2013 WL 5954785, at *3.

a copy of the approved Notice in each of its locations where a putative class member is employed, in a conspicuous place where putative class members are likely to see it.

**C.     Notice-Related Discovery**

Plaintiff requests that defendants provide plaintiff with contact information for members of the conditionally-certified class in order to facilitate notice of the lawsuit.  Defendants did not object to this request.  The Court agrees with plaintiff that limited notice-related discovery is appropriate here.  To the extent defendants are in possession of such information, they must provide plaintiff with a list of putative class members' names, addresses, and e-mail addresses on or before July 24, 2015.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. #15) is **GRANTED in part and DENIED in part.**

2.    Conditional certification is granted for the putative class of individuals who (1) worked for defendants as non-exempt hourly employees during the past three years; (2) whose regular work schedule exceeded forty (40) hours a week; and (3) did not receive additional pay for all overtime hours worked in excess of forty (40) hours within a workweek.

3.   In accordance with this Order, plaintiff shall file a revised proposed Notice on or before July 10, 2015.

4.   Defendants shall file any objections to plaintiff's revised proposed Notice on or before July 24, 2015.

5.   Defendants shall provide Plaintiff with a list of putative class members' names, addresses, and e-mail addresses on or before July 24, 2015.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record