UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERICA SCHEALL, on behalf of
herself and others similarly
situated,

       Plaintiff,

v.                                Case No: 2:14-cv-653-FtM-29DNF

NICAEA ACADEMY, INC., a
Florida profit corporation
and BARTON MCINTYRE,
individually,

       Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Erica Scheall's Motion for Preliminary Injunction (Doc. #30) filed on February 19, 2015. Plaintiff has filed an affidavit in support of her motion. (Doc. #30-1.) Defendants' filed a Response (Doc. #33) and two affidavits (Docs. #33-1, #33-2) in opposition on March 5, 2015. Upon consideration, the Court finds that a hearing on the motion is not necessary.

**I.**

Plaintiff was employed by NICAEA Academy, Inc. (NICAEA) from November 2011 through September 19, 2014. (Doc. #35, ¶ 22.) Plaintiff filed a one count complaint alleging defendants failed to compensate her for her overtime wages. (Doc. #1.) On January 16, 2015, defendants were served with plaintiff's Complaint. (Id. ¶ 42.) Then, on February 15, 2015, plaintiff was questioned by

detectives about missing petty cash from NICAEA. (Id. ¶ 44.) Plaintiff subsequently filed an Amended Complaint adding a count for retaliation. (Doc. #35.) Plaintiff alleges that NICAEA retaliated against her after her employment was terminated by filing a report with the Cape Coral Police Department about missing cash deposits. (Id.) Plaintiff now moves for a preliminary injunction, and although it is unclear from the motion, it appears plaintiff is seeking to enjoin NICAEA from investigating the missing cash deposits.

**II.**

Under the FLSA's anti-retaliation provision, it is unlawful for employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). If a putative employer violates this provision, then an employee may obtain injunctive relief by demonstrating the following: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest. <u>Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.</u>, 299 F.3d 1242, 1246 (11th Cir. 2002).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion for each prong of the analysis." America's Health Ins. Plans v. Hudgens, 742 F.3d 1319, 1329 (11th Cir. 2014) (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)). Issuance of a preliminary injunction is committed to the sound discretion of the court. Valle v. Singer, 655 F.3d 1223, 1225 (11th Cir. 2011).

**A. Substantial Likelihood of Success on the Merits**

To establish a substantial likelihood of success on the merits of a retaliation claim, a plaintiff must show that "[s]he engaged in statutorily protected expression, [s]he suffered an adverse employment action, and there was some causal relationship between the two events." Burgos v. Napolitano, 330 F. App'x 187, 189 (11th Cir. 2009). A plaintiff engages in statutorily protected expression by filing a FLSA complaint. See Ivey v. Paulson, 222 F. App'x 815, 818 (11th Cir. 2007); 42 U.S.C. § 2000e-3(a). To show an adverse action occurred, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006); Burgos, 330 F. App'x at 189. A causal connection can be established by demonstrating "that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly

unrelated." <u>Wallace v. Ga. DOT</u>, 212 F. App'x 799, 802 (11th Cir. 2006).

Plaintiff has not succeeded in clearly establishing a substantial likelihood of success on the merits. First, when addressing this prong of the analysis, plaintiff's motion simply lists the elements of a retaliation claim without facts or argument to show how plaintiff meets those prima facie elements. Thus, plaintiff as failed to meet her burden of persuasion.

Even if the Court considered the factual allegations contained in the first two pages of plaintiff's motion, the claim would still fail. Plaintiff claims NICAEA retaliated against her after her employment was terminated by filing a police report regarding the missing funds with the Cape Coral Police Department. (Doc. #30, ¶¶ 6-8.) The record reflects that Scheall's employment was already terminated at the time NICAEA filed the police report. Therefore, Scheall was no longer an "employee" and there was no "adverse employment action" as required for a retaliation claim to succeed. <u>Burgos</u>, 330 F. App'x at 189. As a result, the Court finds that the plaintiff has failed to clearly establish a substantial likelihood of success on the merits.

**B. Irreparable Harm and Public Interest**

Having failed to clearly establish a substantial likelihood of success on the merits, the Court need not reach the other preliminary injunction requirements. However, for the sake of completeness, assuming the plaintiff had clearly established a

substantial likelihood of success on the merits, which she has not, plaintiff would also be required to establish that she will suffer irreparable harm if the injunction is not granted and that if issued, the injunction would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff cites United States by Mitchell v. Hayes Int'l Corp., for the proposition that she is not required to prove these two factors because they are presumed by the statute's violation. 415 F.2d 1038, 1045 (5th Cir. 1969).[1]  While there may be a presumption, it may be rebutted. Gresham v. Windrush Partners, Ltd., 730 F.2d 1417, 1423 (11th Cir. 1984).  Plaintiff's only statement regarding the irreparable harm element is that she "easily meets this requirement" and nothing more. (Doc. #30, p. 4.)  Moreover, plaintiff failed to address the public interest factor altogether.  Plaintiff has produced no evidence whatsoever with respect to these two elements.

**C. Balance of the Interests**

The final factor the Court must consider is whether the threatened injury to the plaintiff outweighs whatever damage the proposed injunction may cause the defendant. Siegel, 234 F.3d at 1176.

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Plaintiff's motion summarily states "[t]he [d]efendants will suffer no harm from the issuance of an injunction in this matter." (Doc. #30, pp. 4-5.)  Plaintiff has failed to establish that any threatened injury to her outweighs damage to the proposed injunction may cause defendants.  No reason has been shown to justify enjoining the defendants from taking the legal steps necessary to further investigate the missing petty cash.

Because plaintiff has failed to clearly establish the burden of persuasion for each prong of the analysis, plaintiff's motion is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Preliminary Injunction (Doc. #30) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of July, 2015.

                                             _____
                                             JOHN E. STEELE
                                             SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record