UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERICA SCHEALL, on behalf of herself and
others similarly situated

       Plaintiff,

v.                                                                Case No:   2:14-cv-653-FtM-29MRM

NICAEA ACADEMY, INC., BARTON
MCINTYRE and NICAEA ACADEMY OF
SOUTHWEST FLORIDA, INC.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause comes before the Court on the Joint Motion for Approval of FLSA Settlement

Agreement and for Dismissal with Prejudice (Doc. 88) and Mediated Settlement Agreement and

Mutual Release of Claims (Doc. 88-1) filed on March 14, 2016.  The parties request that the

Court approve their settlement of their Fair Labor Standards Act ("FLSA") claims.  After review

of the parties' submission, the Court recommends that the settlement agreement be approved.

To approve the settlement of an FLSA claim, the Court must determine whether the

settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or

compromised.  *Id*. at 1352-53.  The first, under 29 U.S.C. § 216(c), provides for the Secretary of

Labor to supervise payments of unpaid wages owed to employees.  *Id*. at 1353.  The second way,

under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover

back wages.  *Id*.  When employees file suit, the proposed settlement must be presented to the

District Court for its review and determination that the settlement is fair and reasonable.  *Id*. at

1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought

by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be
> represented by an attorney who can protect their rights under the statute.  Thus,
> when the parties submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought about by an employer's overreaching.   If a
> settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote
> the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, Plaintiff Erica Scheall brought suit on behalf of herself and others similarly

situated.  (Doc. 1).  In her operative Complaint, the Second Amended Complaint, Plaintiff

alleged Defendants Barton McIntyre, Nicaea Academy, Inc., and Nicaea Academy of Southwest

Florida, Inc. committed violations under the FLSA for unpaid overtime wages and retaliation.

(Doc. 59 at 5-9).  Defendants deny Plaintiff's allegations and assert a civil theft counterclaim

against Plaintiff Scheall.  (*See* Docs. 56, 66).

Subsequently, Plaintiff filed a Motion for Joinder of Opt-In Plaintiffs (Doc. 77).  Plaintiff

Scheall requested that the Court allow two opt-in Plaintiffs, Stephanie Laker and Maria Bustin,

to be added as named Plaintiffs in this action.  (Doc. 77 at 1).  The Court granted the motion,

over Defendants' objection, on February 24, 2016.  (Doc. 84 at 7 ¶ 1).  The Court ordered

Plaintiff to file a Third Amended Complaint adding Stephanie Laker and Maria Bustin as named

Plaintiffs in this action.  (*Id.* at ¶ 2).  Plaintiff never filed a Third Amended Complaint adding

Stephanie Laker and Maria Bustin as named Plaintiffs in this action.  Instead, the current Motion

(Doc. 88) was filed.  The instant Motion states that Stephanie Laker and Maria Bustin are named Plaintiffs pursuant to the Court's February 24, 2016 Order and that settlement has been reached as to all Plaintiffs.  (Doc. 88 at 1-2).  However, because Plaintiff never filed a Third Amended Complaint, Stephanie Laker and Maria Bustin were never added as named Plaintiffs for pleading purposes.  Nevertheless, the Court does not view Plaintiff's failure to file a Third Amended Complaint as fatal to the fairness analysis this Court must undertake under *Lynn's Food Store*. The Court, therefore, will recommend this settlement agreement for approval despite the lack of a Third Amended Complaint.

In addition to the violations alleged by Plaintiff Scheall in her Second Amended Complaint, Stephanie Laker and Maria Bustin are alleged to be similarly situated employees who were owed unpaid overtime wages and terminated in retaliation for their claims.  (*See* Doc. 88 at 2 ¶ 4).  Defendants deny the allegations.  (*See id.*).  Based on the allegations in the Second Amended Complaint and the stated allegations in the Joint Motion, the Court finds that *bona fide* disputes exist in this case concerning Plaintiffs Scheall, Laker, and Bustin.

The parties agreed to settle this action to avoid the "potential hurdles" in proving their respective sides of the case.  (Doc. 88 at 5).  The parties argue that the proposed settlement is "fair and reasonable given the risks, uncertainties, and expense of further litigation for all."  (*Id.* at 6).

The Joint Motion and the Settlement Agreement state that Plaintiff Scheall will receive $6,500.00 for damages and a general release; Plaintiff Laker will receive $6,500.00 for back wages, liquidated damages, and a general release; and Plaintiff Bustin will receive $2,000.00 for back wages, liquidated damages, and a general release.  (Docs. 88 at 6, 88-1 at 2 ¶ 3).  Upon

consideration, the Court finds that the terms of the Mediated Settlement Agreement (Doc. 88-1) are reasonable as to wages, liquidated damages, and the general releases.

Additionally, Defendants agreed to pay $32,500.00, representing reasonable attorneys' fees in this action for Plaintiffs Scheall, Laker, and Bustin.  (Docs. 88 at 6, 88-1 at 2 ¶ 3). Additionally, Defendants agreed to pay costs totaling $603.00 and the mediation fee.  (Docs. 88 at 6, 88-1 at 4 ¶¶ 6-7).  As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."  715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.  In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

Here, the parties represent that the amount of attorneys' fees was negotiated as a separate amount apart from the amounts to be paid to Plaintiffs.  (Doc. 88 at 3 ¶ 7).  Because attorneys' fees and costs were determined separately and apart from the parties' recovery, the Court finds that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the Mediated Settlement Agreement and Mutual Release of Claims (Doc. 88-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.

Accordingly, **IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion for Approval of FLSA Settlement Agreement and for Dismissal with Prejudice (Doc. 88) be **GRANTED** and that the Mediated Settlement Agreement and Mutual Release of Claims (Doc. 88-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on March 25, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.